# Court of Appeals
# of the State of Georgia

ATLANTA, October 26, 2012

*The Court of Appeals hereby passes the following order:*

## A12A0950. HATCHER, et al. v. WELLS FARGO BANK, N. A., et al.

Brian and Diana Hatcher obtained a home mortgage loan from Georgia Bank and Trust Company of Augusta ("GB&T") and executed a promissory note evidencing that loan. To secure the loan, they also executed a security deed in favor of the Mortgage Electronic Security System ("MERS"), as nominee for GB&T, its successors and assigns. After the Hatchers defaulted on the loan, MERS assigned the security deed to Wells Fargo Bank, N. A., who initiated non-judicial foreclosure proceedings against the Hatchers. Acting pro se, the Hatchers then filed the current action asserting claims for wrongful foreclosure, civil conspiracy, and fraud. All of the Hatchers' claims appear to be premised on the assertion that Wells Fargo has failed to produce any evidence that it is a holder in due course of the promissory note that represents the debt secured by the deed under which Wells Fargo foreclosed. The Hatchers subsequently moved for leave to file an amended complaint and Wells Fargo moved to dismiss all of the claims asserted against it by the Hatchers. Specifically, Wells Fargo contended that Georgia law allows the holder of a security deed to institute foreclosure proceedings, even if the deed holder does not also possess the note evidencing the debt. Thus, the bank argued that the Hatchers could allege no facts that would give rise to a claim against it. The court below agreed with Wells Fargo and entered an order summarily denying the Hatchers' motion for leave to amend and dismissing with prejudice their complaint for failure to state a claim upon which relief can be granted. The Hatchers then filed this appeal.

Because of conflicting decisions in the federal courts regarding this aspect of Georgia law, the United States District Court for the Northern District of Georgia

recently certified to the Georgia Supreme Court the question of "whether a deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings." *You v. JPMorgan Chase Bank, N.A.* (Case No. 1:12-CV-202, N. D. Ga. decided September 7, 2012). The Georgia Supreme Court's decision in *You v. JPMorgan Chase Bank, N.A.* (Case No. S13Q0040, docketed September 13, 2012) will be dispositive of the question of whether the Hatchers' current complaint asserts one or more viable claims against Wells Fargo. Should the Supreme Court decide that a party who holds a security deed, but who does not also hold the note that represents the debt secured by the deed, cannot validly institute foreclosure proceedings under Georgia law, then the Hatchers' current complaint can be construed as at least stating a claim for wrongful foreclosure. Accordingly, the order of the trial court is VACATED and this case is REMANDED.

Upon remand, the Hatchers should be given leave to amend their complaint to assert any additional claims they may have or to allege any additional facts they believe support their current claims. See OCGA § 9-11-15 (a) ("A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order.") Any further proceedings in this matter, including a decision on whether the Hatchers' complaint states a claim for relief, should be stayed until the Georgia Supreme Court has rendered its decision in *You v. JPMorgan Chase Bank, N.A.*, Case No. S13Q0040.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __10/26/2012__
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*